[No. 1199.  Decided July 9, 1894.]

The Snohomish County Abstract Company, *Respondent*, v. Fred S. Anderson *et al.*, *County Commissioners*, *Appellants*.

COUNTIES — USE OF ABSTRACT BOOKS BY ASSESSOR — LIABILITY OF COUNTY.

A county cannot be rendered liable for the use made of a set of abstract books by its assessor in making the county assessment, although the books may have been of great assistance in the work.

*Appeal from Superior Court, Snohomish County.*

*A. D. Austin*, for appellants.

*Coleman & Hart*, for respondent.

The opinion of the court was delivered by

Scott, J.— This action was brought by the plaintiff to recover for the use of its abstract books by the county assessor in making the county assessment in 1892. The allegations of the complaint were admitted upon the trial, excepting that ''without the information so furnished by the plaintiff the assessor could not have made the assessment,'' and that ''the information and the use of such books was of the value of five hundred dollars.'' The cause was tried without a jury, and judgment was rendered for the plaintiff for the sum claimed.

Appellants contend that the charge was an unauthorized one, for which the county is not liable. It is insisted by the respondent that the only question we can consider is whether the county is liable for the reasonable value of the information so furnished, from the standpoint that the use of such books was indispensable to the making of the assessment. The testimony taken at the trial is in the record, and also certain findings of fact, one of which is "that without the information so furnished by plaintiff the assessor of Snohomish county could not have made an assessment of said county for the year 1892, either within the time prescribed by law, or at all."

We cannot concede the force to this finding which the respondent contends it should have as aforesaid, for we are bound to know as a matter of law that these books were not the only source from which the information required could have been obtained. Abstract books, of course, only show the information contained in the county records, although in a more convenient and abbreviated shape, and even if we should presume that the records were lost or destroyed, of which there was no proof, recourse could still have been had to the citizens. Consequently it is evident that the use of such books was only a matter of convenience and not of necessity. It is also evident that respondent's attorney so views the matter, for in his brief he says: "The assessor, desiring an abstract of the record title to real estate in Snohomish county *to aid him* in making his assessment, made known his desires to the board of county commissioners," etc. The board of county commissioners made an order refusing to comply with such request. The assessor, however, entered into an agreement with the respondent for the use of its books, undertaking to bind the county therefor, notwithstanding said action of the commissioners.

It may be that the most convenient and economical way of obtaining the information required was by the use of such books, yet, even if the commissioners would have been authorized to procure said books for such purpose, it is clear the assessor had no such authority without any authorization from the commissioners, leaving a direct refusal to permit him to procure the same out of the question. It might have been impossible for the assessor individually to have procured the necessary information; if so, it is usual in such cases to employ deputies to assist.    But the impossibility of making the assessment otherwise would not have been enough to authorize or empower the assessor to take the course he did take.    The use of a horse might have been necessary to enable the assessor to travel around more speedily, or within the time required, and the assessor unaided might have been unable to procure one, yet it would scarcely be contended that this would afford ground sufficient to authorize the commissioners to provide one, or to base a charge upon against the county if the commissioners should refuse to, and yet such a charge could be sustained if the one involved in this action could be, for they stand upon the same ground.

Reversed and dismissed.

Dunbar, C. J., and Anders, Hoyt and Stiles, JJ., concur.